UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>LUIS SILVA PERALTA,<br><br>　　　　　　　　　　Defendant. | Case No.:  15-mj-3444-WVG<br><br>**ORDER ON DEFENDANT'S REQUEST TO PROCEED PRO SE AND TO UNDERGO PSYCHIATRIC EVALUATION** |

## I.  PROCEDURAL HISTORY

On November 20, 2015, the government filed a complaint seeking Defendant Luis Silva Peralta's extradition to Mexico and an arrest warrant was issued. (ECF Nos. 1, 2.) Defendant was arrested several months later and made his initial appearance on February 22, 2016. (ECF Nos. 3, 4.) The Court held a detention hearing on February 26, 2016, at which time, pursuant to Defendant's stipulation and waiver of hearing, he was ordered detained without bail. (ECF Nos. 7, 9.) Status hearings were held on April 21, May 5, 18 and 31, and July 11, 2016. (ECF Nos. 10, 14, 15, 17, 23).

## II.  DISCUSSION

This extradition proceeding presents an unusual set of circumstances. As is customary in this District (and perhaps elsewhere), the Court appointed counsel to represent Defendant. On May 5, 2016, however, Defendant expressed a desire to represent

himself. (ECF No. 27, at 1-3.) Defendant refused to meet or communicate with appointed counsel, and counsel therefore made an application to be relieved. (*Id.*) The Court relieved counsel and appointed another attorney from the CJA list with the hope that new counsel might establish a working relationship with Defendant. (*Id.*) Regrettably, this did not happen, and Defendant vociferously reiterated his opposition to appointed counsel. (ECF No. 28, at 3, 8-12.) Given Defendant's insistence on self-representation, the Court initiated a *Faretta*[1] hearing to determine whether Defendant's waiver of counsel was knowing and intelligent. (*Id.* at 3-5.) However, as the Court began the *Faretta* inquiry, Defendant chose not to answer certain questions, prompting his attorney to ask for a continuance. (*Id.* at 9-10.) At the resumption of the *Faretta* hearing on May 31, 2016, counsel quickly moved, pursuant to 18 U.S.C. § 4241, for Defendant to be evaluated for mental competency. (ECF No. 29, at 1-7.)

Two issues have been presented. First, can Defendant effectively waive his right to counsel if he is incompetent? Second, assuming incompetency, can the extradition matter proceed, notwithstanding Defendant's objection to being represented by counsel? For reasons discussed below, the answer to the first question is "no," and the answer to the second question is "yes."

    **a.    Attempts to Hold a *Faretta* Hearing**

Defendant's attorney contends that unless Defendant is deemed competent, he cannot knowingly and intelligently waive his right to an attorney. Furthermore, the only way to determine competency is for Defendant to be evaluated by a mental health professional. The Court would ordinarily agree with counsel — if this were a criminal case — but it is not.

An extradition case is not a criminal proceeding. *Matter of Extradition of Mainero*, 990 F. Supp. 1208, 1218 (S.D. Cal. 1997); *DeSilva v. Leonardi*, 181 F.3d 865, 868 (7th Cir. 1999). Consequently, there is no right to counsel. *Anderson v. Alameida*, 397 F.3d

---

[1] *See Faretta v. California*, 422 U.S. 806 (1975).

1175, 1180 (9th Cir. 2005). Although counsel was appointed to represent Defendant, it was done as matter of historical practice in this District, *see, e.g.*, *USA v. Gardzielewska*, 14-mj 4024-BGS, ECF No. 7 (S.D. Cal. Dec. 15, 2014) (appointing counsel in extradition proceeding); *USA v. Torres Rivera*, 13-mj-2252, ECF No. 5 (S.D. Cal. June 13, 2013) (same); *USA v. Munoz*, 12-mj-1001-RBB, ECF No. 7 (S.D. Cal. April 2, 2012) (same), to assist Defendant through the process and to enhance judicial efficiency, not because Defendant has a "right" to counsel. Defendant's counsel acknowledges that there is no Sixth Amendment right to counsel in extradition matters, but claims, without support, that Defendant has a Fifth Amendment right to an attorney. The Court has asked counsel to provide legal authority for this assertion, but none has been forthcoming. The Court's own research has turned up no support for this contention.

Since the Court has appointed counsel (even though the appointment is not required by law) it is reluctant to relieve counsel simply because Defendant professes his earnest desire to proceed alone. Although perhaps not strictly required, because this is not a criminal proceeding, the Court twice attempted to engage in a *Faretta* inquiry, but was thwarted by Defendant and his counsel. A criminal defendant's right to self-representation is not absolute. *Faretta*, 422 U.S. at 835; *Indiana v. Edwards*, 554 U.S. 164, 174 (2008). As with the waiver of most criminal rights, the waiver of the right to counsel must be made knowingly and intelligently for it to be valid. *Faretta*, 422 U.S. at 835; *see also Johnson v. Zerbst*, 304 U.S. 458, 464-65 (1938). The *Faretta* inquiry is designed to ensure that a criminal defendant who elects to proceed *pro se* makes the ultimate decision with "eyes [wide] open." *Faretta*, 422 U.S. at 835 (quoting *Adams v. U.S. ex Rel. McCann*, 317 U.S. 269, 279 (1942)). The judge typically will ask questions that explore the defendant's educational background and familiarity with the criminal justice system as well as admonish the defendant about the challenges and risks of self-representation and the expectation that the rules will be followed just as would be expected of any attorney. Depending on the responses from the defendant, the judge will either grant or deny the request or appoint standby counsel. *See McKaskle v. Wiggins*, 465 U.S. 168, 184 (1984)

(criminal defendant's Sixth Amendment rights are not violated by appointment of standby counsel over defendant's objections to steer defendant through basic procedural hurdles).

Defendant's counsel contends that Defendant is not competent to represent himself and has provided the Court under seal with a declaration from Defendant's sister which addresses certain psychiatric issues which purportedly affect Defendant.[2] (ECF No. 35.) At every court appearance, while Defendant certainly has been boisterous, disagreeable, uncooperative and outspoken, especially in his opposition to being represented by counsel, the Court has not observed conduct which calls into question Defendant's competency, notwithstanding Defendant's sister's declaration and his counsel's representations.

At Defendant's initial appearance on February 22, 2016, he indicated that he understood various rights afforded to him and that Mexico was seeking his extradition on murder charges. (ECF No. 24, at 2-3.) During his next court appearance on February 26, 2016, he expressed his understanding that he was waiving his right to a detention hearing. (ECF No. 25, at 2.) At Defendant's third court appearance, at a status hearing on April 21, 2016, he stated that he understood the hearing would be continued. (ECF No. 26, at 3.) It is the Court's distinct impression, based on its observations in court, that Defendant's behavior is designed to manipulate and obstruct the extradition process rather than an exhibition of someone who is incompetent and unable to understand the proceedings.

The Court has twice attempted to conduct the *Faretta* inquiry but Defendant has refused to answer the Court's questions. In some respects this makes the Court's decision easy. Regardless of whether Defendant is or is not competent, *Faretta* and its progeny teach that counsel should not be relieved unless a defendant's waiver of counsel is made knowingly and intelligently. Without Defendant's input or willingness to answer the

---

[2] Although filed under seal, Defendant's counsel revealed on the record that Defendant's sister claims that Defendant "has had instances of schizophrenia and been medicated for it." (ECF No. 29, at 7.)

Court's questions, it is impossible to determine whether Defendant's desire to represent himself is validly made under current legal precedent.

### b.     Conducting Extradition Hearing With Appointed Counsel

At the Court's request, the parties filed a Joint Memorandum Regarding Competency. (ECF No. 19.) The parties, citing *Lopez-Smith v. Hood*, 121 F.3d 1322, 1324-25 (9th Cir. 1997), have pointed out that incompetency is not a defense to extradition. (*Id.* at 2.) Competency is a matter for the requesting state to determine if the extraditee is in fact extradited. (*Id.*) Although incompetency may not be an impediment to an extradition proceeding, the parties argue that "certain procedural safeguards should be followed." (*Id.* at 2-3.) The Court agrees. In the Joint Memorandum, the parties liken an extradition proceeding to an immigration proceeding. "[I]f an Immigration Judge . . . determines that an alien lacks sufficient competency, the proceedings may persist but the Immigration Judge must prescribe safeguards to protect the rights and privileges of the alien, which may include representation by counsel." (*Id.* at 4.) The Court also notes that, even in the criminal context, a defendant who is competent to stand trial, but who lacks the mental capacity to conduct his trial defense, may be required to proceed through counsel. *See Edwards*, 554 U.S. at 174.

Therefore, assuming, without deciding, that Defendant is incompetent, the safest approach is to deny Defendant's request to represent himself.  Defendant has given the Court no basis on which to conclude that his waiver of counsel can be knowingly and intelligently made, because he has refused to answer the Court's questions. If he is competent and truly desires to represent himself, then he pursued a foolhardy course in his effort at self-representation by his recalcitrance and obstinacy because it gives the Court no option but to deny his request. If he is incompetent, then the Court would not grant his request to proceed *pro se* no matter how effectively he may have responded to the Court's *Faretta* inquiry. Furthermore, if Defendant is incompetent, as counsel claims, then by counsel's own joint submission, the proper approach is for Defendant to be represented by counsel regardless of the request to represent himself. (ECF No. 19, at 5.)

## III. CONCLUSION

For the reasons stated, the Court denies Defendant's request to proceed *pro se* and his request to undergo a psychiatric examination.

**IT IS SO ORDERED.**

Dated: August 2, 2016

_____
Hon. William V. Gallo
United States Magistrate Judge